**ST. PAUL FIRE & MARINE INSURANCE COMPANY,**
Appellant,

v.

**D.H.L., D. Min., Defendant,**

**N.M.D., Respondent.**

No. C9–89–1367.

Supreme Court of Minnesota.

August 31, 1990.

Kay Nord Hunt, Phillip A. Cole, and Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for appellant.

Judy B. Mack, Minneapolis, for respondent.

SIMONETT, Justice.

This case raises the same basic issue as in *St. Paul Fire & Marine Ins. Co. v. Love*, 459 N.W.2d 698 (Minn.1990), also decided today. We have considered this appeal on the briefs without oral argument.

This is a declaratory judgment action brought by plaintiff St. Paul Fire and Marine Insurance Company against defendant therapist, D.L., and his patient, N.M.D., to determine whether sexual conduct between the therapist and his patient precludes coverage under the therapist's professional liability policy.

Dr. D.L. is a marriage counselor and therapist with a group of family physicians. His training includes a doctorate in the ministry, various courses in counseling, and chemical dependency training. His policy with St. Paul lists his profession as "Marriage & Family Counsel."

In December 1979, patient N.M.D. saw Dr. D.L. for a drug abuse program. She was hospitalized for detoxification and thereafter continued to meet with the doctor for post-treatment care, plus counseling for her marriage and an affair she wanted to terminate. Other topics explored at the weekly sessions were the patient's childhood history of being sexually abused, a "sexual addiction" problem, and an eating disorder.

In February or March of 1980, sexual intimacies between therapist and patient began. Dr. D.L. says the first embrace was simply his effort to show the patient that not all male-female relationships had to be sexual; but both parties agree that subsequent contacts were sexual and neither party considered them to be therapeutic. The clinic visits continued until September 1981, and later that year the patient moved out of the state. In 1983 the patient returned to Minnesota and in 1984 or 1985 she began therapy again with the doctor, and again, over apparently some eight sporadically-spaced sessions, the same sexual contacts occurred. Finally, the doctor referred the patient to a female therapist "because the relationship had become sexualized" and his therapy was ineffective. The patient revealed the sexual relationship to her new therapist.

The patient then sued Dr. D.L. for breach of contract, negligence, malpractice, and intentional infliction of emotional distress. St. Paul refused tender of the defense of the lawsuit, claiming its policy afforded no coverage because it was limited to "claims that result from Professional services that you provided or should have provided." This declaratory judgment action followed. The trial court granted St. Paul's motion for summary judgment, concluding there was no coverage. The court of appeals, in an unpublished opinion (2–to–1), reversed. We granted St. Paul's petition for further review.

Shortly before the trial court granted summary judgment to the insurer, Dr. D.L. and the claimant patient apparently entered into a settlement pursuant to *Miller v. Shugart*, 316 N.W.2d 729 (Minn.1982), so that, on this appeal, the patient alone appears as defendant-respondent.

While the patient alleges various things the doctor should or should not have done, she claims the "real issue is whether the therapist committed an act of malpractice because he mishandled the psychological concept of transference." St. Paul, on the other hand, argues, as in *Love*, that the gist of the patient's claim is sexual conduct, and sexual contacts are not professional services.

The coverage question is governed by *Love*, where we held that sexual conduct between a psychologist and his pa-

tient, where transference is involved, does not preclude insurance coverage. Even if that is so, St. Paul has also argued there is no support in this record of a transference phenomenon. Dr. D.L. did not speak about, nor was he asked about, transference in his deposition. Unlike *Love*, no expert testimony on transference was submitted. While the record is suggestive of transference and its mishandling, we think this is a subject requiring expert testimony, particularly in view of how the parties have chosen to characterize their actions and where we are dealing with a relationship over some 7 years with a mid-gap of some 3½ years.

We think the fairest way to proceed is to reverse the court of appeals' decision finding coverage, vacate the trial court's decision on the motion for summary judgment, and remand to the trial court in light of *Love*.

Reversed and remanded.

COYNE, J., dissents with an opinion in which, KELLEY and KEITH, JJ., join.

COYNE, Justice (dissenting).

For the reasons set out in my dissent in *St. Paul Fire & Marine Ins. Co. v. Love,* 459 N.W.2d 698 (Minn.1990) (filed herewith), I dissent in this case as well.

KELLEY, Justice (dissenting).

I concur in the dissent of Justice Coyne.

KEITH, Justice (dissenting).

I concur in the dissent of Justice Coyne.